**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| North Star Home LLC<br><br>*Plaintiff*,<br><br>v.<br><br>Jiandeshi Jiaqian Maoyi Youxianzeren Gongsi,<br>Jiandeshi Chutiange Maoyiyouxian Gongsi,<br>Jiandeshi Yaowei Maoyiyouxian Gongsi.<br><br>*Defendants*. | **CASE NO.** 1:25-cv-12800<br><br>**Jury Demand** |

**COMPLAINT**

Plaintiff North Star Home LLC ("Plaintiff"), by and through its counsel, hereby files this Complaint against Defendants Jiandeshi Jiaqian Maoyi Youxianzeren Gongsi d/b/a HomemateHero (Seller ID: A1MZKRNBY8YX50), Jiandeshi Chutiange Maoyiyouxian Gongsi d/b/a Chutiange (Seller ID: A39JUKJC00HPT), and Jiandeshi Yaowei Maoyiyouxian Gongsi d/b/a Jiande Yaowei Trading Co., Ltd. (Seller ID: A3MD8YD0U48THZ) (collectively, the "Defendants"), and alleges as follows:

**I. INTRODUCTION**

1. United States Patent No. 12,219,672 B2 (the "'672 Patent"), entitled "Safe Heating Circuit and Electric Blanket Provided with Safe Heating Circuit," discloses a safe heating circuit for electric blankets employing positive/negative temperature coefficient (PTC/NTC) temperature control, a controller, and multi-level voltage acquisition circuits to ensure precise temperature regulation and fault detection.

1

2. This is an action for utility patent infringement in which North Star Home LLC accuses Jiandeshi Jiaqian Maoyi Youxianzeren Gongsi d/b/a HomemateHero (Seller ID: A1MZKRNBY8YX50), Jiandeshi Chutiange Maoyiyouxian Gongsi d/b/a Chutiange (Seller ID: A39JUKJC00HPT), and Jiandeshi Yaowei Maoyiyouxian Gongsi d/b/a Jiande Yaowei Trading Co., Ltd. (Seller ID: A3MD8YD0U48THZ), of infringing the '672 Patent under 35 U.S.C. § 271.

## II. JURISDICTION AND VENUE

3. This is an action for infringement of the '672 Patent arising under 35 U.S.C. §§ 271(a), 281, and 284-285. This Court has original subject matter jurisdiction over this claim under 28 U.S.C. §§ 1331 and 1338.

4. Personal jurisdiction is proper because Defendants directly targets consumers in the United States, including in Illinois, through at least the fully interactive Amazon storefronts HomemateHero, Chutiange and Jiande Yaowei Trading Co., Ltd., where each Defendant offers to sell, and has sold and shipped electric-blanket products (the "Accused Products") to residents within the Northern District of Illinois. Thus, each Defendant has purposefully availed itself of the privilege of conducting business in the forum state or purposefully directed its patent infringement activities at the state; Plaintiff's injuries stem from the each Defendant's forum-related activities of offering to sell, selling, and shipping Accused Products to the forum-state; and the exercise of personal jurisdiction comports with traditional notions of fair play and substantial justice. As a result, each Defendant is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in Illinois.

5. In addition, after service of summons, personal jurisdiction is proper pursuant to Federal Rule of Civil Procedure 4(k)(2), where "a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if: (A) the

defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." Based on information found on each Defendant's Accused Products listings and based on the Seller Alias, each Defendant is a foreign entity not subject to any state's courts of general jurisdiction, and exercising jurisdiction is consistent with the United States Constitution and laws.

6. Venue in the Northern District of Illinois is proper pursuant to 28 U.S.C. § 1391 because a substantial part of the events that give rise to the claim occur within this District, each Defendant has committed acts of infringement in and has significant contacts within this District, and each Defendant is directly targeting its business activities of offering to sell, selling, and shipping the Accused Products to this District. *See* **Exhibit E.**

7. In addition, because each Defendant is a foreign entity, 28 U.S.C. § 1391(c)(3) provides that "a defendant not resident in the United States may be sued in any judicial district."

### III. FACTS

8. This action has been filed by Plaintiff to combat e-commerce store operators who have infringed upon Plaintiff's '672 Patent by offering for sale and/or selling unauthorized and unlicensed Accused Products that embody the patented safe-heating circuit technology. A copy of the '672 Patent is attached as **Exhibit A**.

9. Defendants HomemateHero, Chutiange and Jiande Yaowei Trading Co., Ltd. advertise, offer for sale, and sell Accused Products. *See* **Exhibit B.** The Accused Products include, without limitation, the Amazon listings set out in **Exhibit C**.

10. On information and belief, Defendants advertise, offer to sell, and sell the same Accused Products under the same Amazon parent ASIN, with variations only in color/size, thereby marketing materially identical products that practice the same heating-circuit design. Plaintiff's

Exhibit B contains screenshots of the relevant listings, showing that the storefronts of HomemateHero, Chutiange and Jiande Yaowei Trading Co., Ltd. list materially the same Accused Products under the same parent ASIN. Exhibit C identifies representative listing URL and ASINs for each Defendant. These facts establish common questions of law and fact and that the claims arise from the same transaction or occurrence, or series of transactions or occurrences.

11. Accused Products infringe at least Claims 1, 2, 4, 5, 6, 13, 16, and 17 of the '672 Patent. *See* **Exhibit D.**

12. Joinder is proper under Fed. R. Civ. P. 20(a)(2) and 35 U.S.C. § 299 because the claims against all Defendants arise from the same transaction or occurrence, or series of transactions or occurrences, namely their offering for sale and sale of materially identical Accused Products under the same Amazon parent ASIN and common questions of law and fact will arise. Trying these closely related claims together conserves judicial resources and avoids inconsistent adjudications.

13. Upon information and belief, each Defendant employs tactics to obscure its identity and the scope of its operations, including using incomplete or fabricated seller information, to avoid liability and hinder enforcement. Plaintiff is therefore compelled to bring this action to halt each Defendant's unauthorized exploitation of its patented safe-heating circuit technology and to protect U.S. consumers from unknowingly purchasing infringing goods. As a result of each Defendant's actions, Plaintiff has suffered and continues to suffer irreparable harm, including loss of market share, erosion of its exclusive rights under the '672 Patent, and damage to its business reputation. Plaintiff seeks both injunctive and monetary relief.

14. Plaintiff North Star Home LLC is engaged in the research, development, and sale of electric-blanket products and related safe-heating technologies, including the patented circuit design described and claimed in the '672 Patent.

15. Plaintiff places great value on its growing portfolio of patented innovations. It prides itself on rapid product development and the continuous improvement of heating-circuit safety and control technologies, regularly protecting those inventions through its intellectual property rights.

16. Plaintiff has invested substantial time, capital, and other resources in designing, manufacturing, promoting, and protecting its patented electric-blanket products.

17. Plaintiff's products are promoted and sold through online markets such as Amazon.

## IV. THE PARTIES

18. Plaintiff North Star Home LLC is a domestic Illinois limited liability company organized under the laws of the State of Illinois with a principal address at Libertyville, Illinois.

19. Plaintiff is the owner by assignment of the '672 Patent.

20. Plaintiff has invested substantial time, money, and other resources in researching, developing, manufacturing, advertising, and promoting electric-blanket products that embody the patented safe-heating circuit technology claimed in the '672 Patent.

21. Through years of innovation and investment, Plaintiff's patented products have become recognized in the marketplace as high-quality and safe electric-blanket products. Plaintiff's reputation for quality and safety has attracted U.S. consumers and created significant commercial goodwill.

22. Plaintiff recently became aware that Defendant is offering for sale and selling Accused Products that incorporate a heating-circuit design that infringes at least Claims 1, 2, 4, 5,

6, 13, 16, and 17 of the '672 Patent. *See* **Exhibit D.** Plaintiff brings this action to stop Defendant's unauthorized exploitation of its patented technology and to prevent further harm to its business and reputation.

23. Plaintiff has not entered into any contract or licensing agreement with Defendant granting any rights under the '672 Patent.

24. Defendant HomemateHero, Chutiange and Jiande Yaowei Trading Co., Ltd. target sales to U.S. consumers, including residents of Illinois, by operating a fully interactive online retail stores that accept U.S. dollars and ships Accused Products into the United States, including this District. *See* **Exhibit E.**

25. Upon information and belief, each Defendant resides and operates in the People's Republic of China with lenient intellectual property enforcement systems or redistributes products from the same or similar sources in those locations. As a result, each Defendant has the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).

26. Upon information and belief, each Defendant individually or jointly operates one or more e-commerce stores. Each Defendant uses tactics to conceal its identity and the full scope of its operations, making it virtually impossible for Plaintiff to ascertain each Defendant's true identity and the full extent of the infringing network.

27. At present, each Defendant can only be identified through its Amazon storefront and other limited publicly available information. No credible information regarding each Defendant's physical address is provided. Plaintiff will amend this Complaint as necessary if each Defendant later provides additional credible information regarding its identity or location.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 12,219,672 B2

28. Plaintiff hereby re-alleges and incorporates by reference the allegations set forth in

the preceding paragraphs.

29. Each Defendant, directly or through intermediaries, has made, used, offered to sell, sold, and/or imported into the United States, including the Northern District of Illinois, Accused Products that embody the inventions claimed in the '672 Patent without authorization or license. *See* **Exhibit B-E.**

30. Each Defendant's activities constitute direct infringement of at least Claims 1, 2, 4, 5, 6, 13, 16, 17 of the '672 Patent under 35 U.S.C. § 271(a) and may also constitute indirect infringement under 35 U.S.C. § 271(b) and/or (c). *See* **Exhibit D**.

31. Each Defendant's making, using, offering for sale, selling, and importing of the Accused Products has caused, and continues to cause, Plaintiff irreparable harm, including loss of market share, erosion of its exclusive rights under the '672 Patent, and damage to its business reputation.

32. Upon information and belief, each Defendant's infringement is willful and deliberate, as evidenced in part by its anonymity and continued sales of the Accused Products despite Plaintiff's patent rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against each Defendant as follows:

1) A judgment in favor of Plaintiff that each Defendant has infringed U.S. Patent No. 12,219,672 B2;

2) A temporary, preliminary, and permanent injunction enjoining each Defendant and its officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with it from infringement of, inducing the infringement of, or

contributing to the infringement of the '672 Patent, or such other equitable relief the Court determines is warranted;

3) An award of damages adequate to compensate Plaintiff for each Defendant's infringement of the '672 Patent, together with pre-judgment and post-judgment interest, and that such damages be increased up to three times for willful infringement as provided under 35 U.S.C. § 284;

4) A judgment and order requiring Defendant to pay to Plaintiff a reasonable royalty for each Defendant's infringement of the '672 Patent, together with interest and costs, and that such amount found or assessed be increased three times as provided under 35 U.S.C. § 284;

5) That, upon Plaintiff's request, all in privity with each Defendant and with notice of the Injunctive relief, including but not limited to any online marketplace platforms, such as Alibaba, AliExpress, Amazon, DH Gate, eBay, Newegg, Shopify, Wish, and vendors of sponsored search terms or online ad-word providers, financial services providers, including but not limited to credit card providers, banks, merchant account providers, third party payment processors, web hosts, and Internet search engines, such as Google, Bing, and Yahoo shall:

    a. cease providing services to each Defendant, currently or in the future, to sell or offer for sale products that infringe the '672 Patent;

    b. cease displaying any advertisements in any form, connected or associated with each Defendant in connection with the sale of infringing goods under the '672 Patent; and

    c. disable all links or listings for the Accused Products associated with each Defendant's identified marketplace accounts from displaying in search results or being accessible to customers; and

6) Any and all other relief that this Court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

| | |
|---|---|
| Date: October 20, 2025 | /s/ *Jie Li* |
| | Jie Li, Esq. |
| | GLACIER LAW LLP |
| | 251 S Lake Avenue, Suite 910 |
| | Pasadena, CA 91101 |
| | jie.li@glacier.law |
| | 626-750-0040 |
| | |
| | ***Attorney for Plaintiff*** |